STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

ANJALI MOORTHY (SBN 299963)
*amoorthy@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415.733 6000
Fax.: +1 415 677 9041

Attorneys for Defendant
FOUR SEASONS HOTELS LIMITED

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, CA 90017**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICK WHITE, individually and on behalf of all similarly situated individuals,<br><br>        Plaintiff,<br><br>      v.<br><br>STRATEGIC HOTELS & RESORTS, LLC, a Delaware limited liability company, FOUR SEASONS HOTELS LIMITED, a Canada corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 3:17-cv-04867<br><br>**NOTICE OF REMOVAL**<br><br>**Removed from San Mateo County Superior Court, Case No. 17CIV03178** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Four Seasons Hotels Limited ("Four Seasons"), by its attorneys, hereby gives notice of removal of the above-captioned case, currently pending in the Superior Court of the State of California for the County of San Mateo, Case No. 17-CIV-03178.

Pursuant to 28 U.S.C. §§ 1331 and 1441(a), this case is removable because it presents claims that arise under the laws of the United States. Separately and independently, and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1453, this case is removable because of diversity of citizenship among the parties under the Class Action Fairness Act.

As grounds for removal, Four Seasons states as follows:

**PROCEDURAL HISTORY AND SUMMARY OF THE COMPLAINT**

This putative class action was commenced in Superior Court of the State of California for the County of San Mateo, Case No. 17-CIV-03178, by plaintiff, Patrick White, individually and on behalf of all similarly situated individuals, again Four Seasons and Strategic Hotels & Resorts, LLC ("Strategic Hotels") (collectively "Defendants"). Plaintiff filed the Complaint with the Superior Court of the State of California for the County of San Mateo ("State Court Action"), on or about July 14, 2017.

In his one-count Complaint, Plaintiff alleges that he and putative class members suffered damage allegedly due to Defendants' violation of a federal statute, namely the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681c(g). *See generally* Complaint, ¶¶ 5-9, 15-18, 27, 29(a), 34-37. Plaintiff alleges that he stayed in the Four Seasons Resort Silicon Valley at East Palo Alto, which he alleges is owned by Defendant Strategic Hotels and managed by Defendant Four Seasons, and that when he "used his Visa credit card to pay for his hotel stay at the Four Seasons Silicon Valley at East Palo Alto" "the receipt generated . . . contained more than the last five digits of the credit card account number and the expiration date of his credit card, in violation 15 U.S.C. S 1581c(g)." *Id.*, ¶¶ 2, 3, 9. Plaintiff alleges that this receipt violated FACTA's so-called truncation requirements, and that Defendants committed similar violations of FACTA in numerous transactions with others, who make up a potential class of persons. *Id.*, ¶¶ 15, 23, 39.

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, CA 90017

Plaintiff sues on his own behalf and on behalf of a putative class that he defines as follows:

> All persons in the United States to whom, since the date two years preceding the filing of this Action, Defendant Four Seasons Hotels Limited and/or Defendant Strategic Hotels & Resorts, LLC provided an electronically printed hardcopy receipt at the point of sale or transaction on which was printed more than the last five digits of a customer's credit or debit card account number and/or the expiration date of the person's credit or debit card.

*Id.*, ¶ 21.

Plaintiff seeks various forms of relief for himself and for the class, including: statutory damages, attorneys' fees, and punitive damages. *See id.*, ¶¶ 45-47 and p. 16 (prayer for relief).

## THIS COURT HAS FEDERAL QUESTION JURISDICTION

This Court has original and removal jurisdiction of civil actions, such as this one, that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (original jurisdiction), 28 U.S.C. § 1441 (removal jurisdiction). Here, the one and only cause of action asserted by Plaintiff arises under one provision of a federal statute, FACTA – specifically, 15 U.S.C. §§ 1681c(g). *See e.g.*, Complaint, ¶¶ 16-17 ("Defendants violations of FACTA have harmed Plaintiff . . . "), ¶ 18 ("Plaintiff, on behalf of himself and others similarly situated, bring this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681 *et seq.*"), ¶¶ 33-47 (setting forth the first and only cause of action pursuant to 15 U.S.C. § 1681c(g)). Accordingly, the action arises under federal law and it is removable pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

## THIS COURT HAS JURISDICTION UNDER THE
## CLASS ACTION FAIRNESS ACT

Separately and independently, this Court has original and removal jurisdiction over this action pursuant to 29 U.S.C § 1332(d)(2)(A). Specifically, the Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), because (1) at least one class action member is a citizen of a State different from at least one defendant; (2) the class action

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, CA 90017

1   consists of at least one hundred (100) putative class members; and (3) the amount in controversy,

2   after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of

3   interests and costs.  *See* 28 U.S.C. § 1332(d).

4        This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows

5   for the removal of any civil action brought in a state court of which the district courts of the

6   United States have original jurisdiction, by the defendant, to the district court of the United States

7   for the district and division embracing the place where such action is pending.

8        The statutory requirements for CAFA removal are met here.

9        **Class Action.**  The State Court Action is a "class action" within the meaning of CAFA

10  because Plaintiff seeks to represent a "Class" of persons and seeks certification of the class under

11  California Code of Civil Procedure § 382.  Complaint , ¶¶ 20-21.  U.S.C. §§ 1332(d)(l)(B),

12  1453(a).

13       **Minimal Diversity of Citizenship.**  There exists minimal diversity of citizenship of the

14  parties, pursuant to 28 U.S.C. § 1332(d)(2)(A), both at the time of filing of the action in the

15  Superior Court of the State of California for the County of San Mateo, and at the time of the filing

16  of this Notice of Removal, in that at least one member of the class, including Plaintiff, is a citizen

17  of a different state than at least one defendant.  *See Abrego v. Dow Chem. Co.,* 443 F .3d 676, 680

18  n.5 (9th Cir. 2006).  Specifically, the Complaint alleges that Plaintiff is a resident of the State of

19  California and, based on that assertion and in the absence of any other relevant allegations, on

20  information and belief, Plaintiff is a citizen of California for diversity purposes pursuant to 28

21  U.S.C. § 1332.  Complaint, ¶ 1 ("Patrick White is and at all times relevant hereto was a resident of

22  Los Angeles, California").  Further, on information and belief formed based upon Four Seasons'

23  knowledge of its business, at least one unnamed member of the class is a citizen of a State other

24  than California.  Defendant Four Seasons is a foreign corporation, organized under the laws of

25  Ontario, Canada, with its principal place of business in Toronto, Ontario, Canada, and is therefore

26  a citizen of Canada for diversity purposes.  28 U.S.C. § 1332(c)(1).  Accordingly, minimal

27  diversity exists.

28

*(left margin, vertical text)* Goodwin Procter LLP  601 S Figueroa Street, 41st Floor  Los Angeles, CA  90017

**Putative Class Numerosity.** The number of members of the putative class action brought by Plaintiff exceeds one hundred. *See* 28 U.S.C. § 1332(d)(5)(B); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013). The CAFA numerosity requirement that there be at least 100 putative class members is satisfied in this case as the Complaint alleges that Plaintiff "believes and thereon alleges that there are, at minimum, hundreds of members in the proposed Class." Complaint, ¶ 23.

**Amount in Controversy.** The amount in controversy requirement of 28 U.S.C. § 1332(d)(6) is satisfied because the aggregate value of the amount in controversy based on Plaintiff's allegations exceeds five million dollars ($5,000,000), exclusive of interest and costs. *See Lewis v. Verizon Communs., Inc.,* 627 F.3d 395, 398-99 (9th Cir. 2010).

Congress intended that federal jurisdiction properly be exercised under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint on the defendant, and regardless of the type of relief sought (e.g. damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, *42. While Defendants dispute that a class can be certified, and dispute that either or both of them engaged in any unlawful conduct, the allegations of the Complaint make clear that the amount in controversy requirement is satisfied.

For removal purposes, establishing the amount in controversy under CAFA requires only that a defendant provide a short and plain statement of the basis for jurisdiction, the equivalent of that required for a plaintiff filing a complaint. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 544 (2014). This means "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.*

Although Plaintiff does not plead a specific damages amount, Plaintiff claims that he and the class members are entitled to, *inter alia,* statutory damages, attorneys' fees, and punitive damages. Complaint, ¶¶ 45-47 and p. 16 (prayer for relief). It is well-settled that all of these amounts count toward the jurisdictional threshold. 28 U.S.C. § 1332(b); *Guglielmina v. McKee Foods Corp.,*506 F.3d 696 (9th Cir. 2007) (attorneys' fees); *Brady v. Mercedes-Benz USA,*

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, CA 90017

1   *Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("a reasonable estimate of [attorneys'] fees

2   likely to be incurred to resolution" counts toward the amount in controversy).

3       The following demonstrates that more than $5 million is in controversy for jurisdictional

4   purposes:

5       a.  Plaintiff does not specify the exact size of the proposed class, but he alleges that

6           the class consists of a nationwide class of persons over a several years period of

7           time: "All persons in the United States to whom, since the date two years

8           preceding the filing of this Action . . . [were] provided an electronically printed

9           hard copy receipt . . . on which was printed more than the last five digits of a

10          customer's credit or debit card account number . . . ."  Complaint, ¶ 21.  Plaintiff

11          further stated that he "believes . . . that there are, at minimum, hundreds of class

12          members in the proposed class" (*id.*, ¶ 23) and that the class "is so numerous that

13          joinder of all individual members in one action would be impracticable."  *Id.*, ¶ 22.

14      b.  Plaintiff has alleged that "Defendants are liable to Plaintiff and each member of the

15          Class for the statutory damage amount of  " 'not less $100 and more than $1000'

16          for *each* violation."  *Id.*, ¶ 45.  Plaintiff is alleging (i) that Defendants violated 15

17          U.S.C. § 1681c(g) in transactions with Plaintiff and other hotel guests (members of

18          the putative class) and (ii) that the violations occurred as part of a common

19          business practice affecting many or all hotel guests.  *See* Complaint, ¶¶ 9-11, 21-

20          30.

21      c.  Plaintiffs have not specified how many transactions are at issue, or even that the

22          class is limited to persons who stayed in the Four Seasons Hotel Silicon Valley at

23          East Palo Alto.  Assuming that the case is limited to those who stayed at that

24          property, the Four Seasons Hotel Silicon Valley at East Palo Alto property has a

25          total of 200 accommodations.  Factoring in the two-year period identified in the

26          Complaint, *see id.*, ¶ 21, this means that the maximum number of customer stays

27          during the class period was approximately 146,000 (200 times 365 days times 2).

28          To reach the $5,000,000 amount in controversy based on the statutory damage

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, CA  90017

claim alone, only 5,000 customers (under 3.5% of available room-nights) would have to have been affected by the subject practice.  *See* Complaint, ¶ 45 (seeking statutory damages of up to $1000 per transaction);  *Romeo v. Home Depot U.S.A., Inc.*, No. 06CV1505 IEG BLM, 2006 WL 6814428, at *2 (S.D. Cal. Oct. 30, 2006) (where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met).  Since Plaintiff alleges the practice was widespread and justifies a class action, it is a reasonable estimate that that the $5,000,000 amount in controversy requirement is met in this case.

d.  The amount in controversy further is met because, in addition to statutory damages, Plaintiff seeks attorneys' fees and class-wide punitive damages in amounts not specified in the Complaint.  Complaint, ¶ 46-47 and p. 16 (prayer for relief).

As a result, CAFA's amount in controversy requirement is met in this Action.

## PROCEDURAL REQUIREMENTS

The procedural requirements for removal are met here.

**Removal to Proper Court.**  This Court is part of the "district and division" embracing the place where the State Court Action was filed.  Here the State Court Action was filed in the Superior Court of the State of California for the County of San Mateo, Case No. 17CIV03178.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

**Removal Is Timely.**  The Summons and Complaint were served on Defendant Four Seasons on July 25, 2017, when a partner of undersigned counsel, Thomas M. Hefferon (duly authorized by Four Seasons), accepted service on its behalf in writing.  Removal is timely because the action is being removed within thirty (30) days of the date that Four Seasons was served with notice of the suit.  *See* 28 U.S.C. § 1446(b); *Murphy Bros. v Michetti Pipestringing, Inc.,* 526 U.S. 344, 350-51 (1999).

**Pleadings, Process, and Orders.** Attached hereto as **Exhibit A** is a true and correct copy of all pleadings, process, and orders served on Four Seasons in the State Court Action. *See* 28 U.S.C. § 1446(a).

**Notice.** A Notice of Filing of Notice of Removal will be promptly filed with the clerk of the state court in which the State Court Action is pending and served on Plaintiff, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as **Exhibit B.**

**Consent.** Four Seasons understands from conversations with Strategic Hotels' outside counsel that Defendant Strategic Hotels consents to the removal. Accordingly, all Defendants either consent to removal or are seeking the removal of this action, and thus 28 U.S.C. § 1446(b)(2)(A) is met to the extent required.

**Signature.** This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

**Bond and Verification.** Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

**Reservation of Rights.** In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte,* Four Seasons respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary. By filing this Notice of Removal, Four Seasons does not waive, and expressly reserves, its rights to object to service of process, the sufficiency of process, personal jurisdiction, and venue. Four Seasons specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

///

///

///

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, CA  90017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, CA 90017

## CONCLUSION

WHEREFORE, this action should proceed in the United States District Court for the

Northern District of California, as an action properly removed thereto

Respectfully submitted,

Dated:   August 22, 2017            By:   /s/   Steven A. Ellis
                                           STEVEN A. ELLIS
                                           *sellis@goodwinlaw.com*
                                           ANJALI MOORTHY
                                           *amoorthy@goodwinlaw.com*
                                           **GOODWIN PROCTER LLP**

                                           Attorneys for Defendant
                                           FOUR SEASONS HOTELS LIMITED

# EXHIBIT A

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** STRATEGIC HOTELS & RESORTS, LLC,
*(AVISO AL DEMANDADO):* a Delaware limited liability
company, FOUR SEASONS HOTELS LIMITED, a Canada
corporation, and DOES 1 through 10, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 1 4 2017

Clerk of the Superior Court
By _NIMA MOKHTARANI_
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:** PATRICK WHITE,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on
behalf of all similarly situated individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
400 County Center

Redwood City, California 94063

CASE NUMBER:
*(Número del Caso):*
17CIV03178

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alex P. Katofsky, Esq. (SBN 202754)      818-703-8985      818-703-8984
Gaines & Gaines, APLC
27200 Agoura Road, Suite 101
Calabasas, California 91301

RODINA M. CATALANO

DATE:       JUL 1 4 2017       Clerk, by _____, Deputy
*(Fecha)*                      *(Secretario)*        NIMA MOKHTARANI   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Alex P. Katofsky, Esq. (SBN 202754)
Gaines & Gaines, APLC
27200 Agoura Road, Suite 101

Calabasas, California 91301
TELEPHONE NO.: 818-703-8985   FAX NO.: 818-703-8984
ATTORNEY FOR *(Name)*: Patrick White

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California 94063
BRANCH NAME: Hall of Justice

CASE NAME: White v. Strategic Hotels, et al.

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 1 4 2017

Clerk of the Superior Court
By NIMA MOKHTARANI
DEPUTY CLERK

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT.: **17CIV03178** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 7/13/2017

Alex P. Katofsky, Esq. (SBN 202754)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

File By Fax

ENDORSED FILED
SAN MATEO COUNTY

JUL 1 4 2017

Clerk of the Superior Court
By____NIMA MOKHTABANI____
DEPUTY CLERK

1  KENNETH S. GAINES, ESQ. SBN 049045
   ken@gaineslawfirm.com
2  DANIEL F. GAINES, ESQ. SBN 251488
   daniel@gaineslawfirm.com
3  ALEX P. KATOFSKY, ESQ. SBN 202754
   alex@gaineslawfirm.com
4  EVAN S. GAINES, ESQ. SBN 287668
   evan@gaineslawfirm.com
5  **GAINES & GAINES, APLC**
   27200 Agoura Road, Suite 101
6  Calabasas, California 91367
   Telephone: (818) 703-8985
7  Facsimile: (818) 703-8984

8  Attorneys for Plaintiff PATRICK WHITE, individually and on behalf of all similarly situated
9  individuals

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **FOR THE COUNTY OF SAN MATEO**

12

13  PATRICK WHITE, individually and on behalf        CASE NO.: **17CIV03178**
    of all similarly situated individuals,
14                                                   **CLASS ACTION COMPLAINT**

15           Plaintiff,                              <u>**JURY TRIAL DEMANDED**</u>

16           v.

17  STRATEGIC HOTELS & RESORTS, LLC, a
    Delaware limited liability company, FOUR
18  SEASONS HOTELS LIMITED, a Canada
    corporation, and DOES 1 through 10, inclusive,
19
20           Defendants.

21

22

23

24

25

26

27

28

File By Fax

1    Plaintiff PATRICK WHITE ("Plaintiff"), on behalf of himself and all others similarly

2  situated, complains of Defendants STRATEGIC HOTELS & RESORTS, LLC, a Delaware

3  limited liability company and FOUR SEASONS HOTELS LIMITED, a Canadian corporation

4  (collectively "Defendants") as follows:

5                            **PARTIES AND JURISDICTION**

6    1.    Plaintiff PATRICK WHITE is and at all times relevant hereto was a resident of

7  Los Angeles County, California.

8    2.    Defendant STRATEGIC HOTELS & RESORTS, LLC, is a Delaware limited

9  liability company with a principal place of business in Chicago, Illinois.    Defendant

10  STRATEGIC HOTELS & RESORTS, LLC owns the Four Seasons Hotel Silicon Valley at East

11  Palo Alto.

12    3.    Defendant FOUR SEASONS HOTELS LIMITED is a Canada corporation with a

13  principal place of business in Toronto, Canada.    Defendant FOUR SEASONS HOTELS

14  LIMITED manages more than 30 hotels and resorts across the United States, including, but not

15  limited to, the Four Seasons Hotel Silicon Valley at East Palo Alto.

16    4.    Venue as to Defendants is proper in San Mateo County Superior Court.    The

17  violations herein alleged occurred in San Mateo County, California.

18                            **FACTUAL BASIS**

19    5.    In 2003, Congress passed, and the President signed, the Fair and Accurate

20  Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and

21  debit card fraud.  In the statement provided by the President during the signing of the bill, the

22  President declared that:

23            This bill also confronts the problem of identity theft.  A growing

24            number of Americans are victimized by criminals who assume

25            their identities and cause havoc in their financial affairs.  With this

26            legislation, the Federal Government is protecting our citizens by

27            taking the offensive against identity theft.

28

6.     A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> Except as provided in this subsection, no person that accepts credit
> cards or debit cards for the transaction of business shall print <u>more
> than the last five digits of the card number or the expiration date</u>
> upon any receipt provided to the cardholder at the point of sale or
> transaction. (Emphasis added.)

7.     By enacting section 1681c(g), Congress made the determination that the printing of receipts containing more than the last five digits of the credit or debit card number or the card expiration date creates an unacceptable risk of identity theft and fraud to the cardholders.

8.     FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006.  Despite this three-year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability.  In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant.  The Clarification Act does not actually "clarify" anything; it merely delayed liability for violations.  In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints more than the last five digits of the credit or debit card number or a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA.  *See* 15 U.S.C. 1681n(d).

9.     In 2017, Plaintiff White used his Visa credit card to pay for his hotel stay at the Four Seasons Hotel Silicon Valley at East Palo Alto.  The receipt generated and provided to him by Defendants contained more than the last five digits of the credit card account number and the expiration date of his credit card, in violation of 15 U.S.C. § 1681c(g).

10.     Plaintiff is informed and believes, and based thereon alleges, for some or all of the time period beginning January 1, 2015, if not earlier, through at least April 2017,

1  Defendants have provided non-compliant credit card receipts through machines that were

2  provided to customers at the point of sale.

3      11.   Despite having more than a decade to become compliant with FACTA,

4  Defendants have willfully violated this law and failed to protect Plaintiff and others similarly

5  situated against identity theft and credit card fraud by printing more than the last five digits of

6  the credit card account number or the expiration date on credit card cardholders' receipts when

7  they transact business with Defendants.

8      12.   Identity theft and fraud is a real harm and serious risk to consumers.  In 2014,

9  12.7 million consumers were victims of identity thieves who collectively stole $16 billion,

10  according to Javelin Strategy & Research, a research-based consulting firm.  The Federal Trade

11  Commission ("FTC") reported in its March 1, 2016 press release that identity theft complaints

12  increased more than 47% from 2014 to 2015 and were the FTC's top category of reported

13  consumer complaints for 15 years until 2015 when debt collection complaints surged into the

14  number one spot due in large part to complaints delivered via a mobile application. *See*

15  https://www.ftc.gov/news-events/press-releases/2016/03/ftc-releases-annual-summary-

16  consumer-complaints.  In response to the widespread occurrence of identity theft and credit card

17  and debit card fraud, the FTC has a website providing in-depth information to the public and

18  resources for victims of cybercrimes. *See e.g.*, https://www.consumer.ftc.gov/features/feature-

19  0014-identity-theft  and  https://www.ftc.gov/news-events/media-resources/identity-theft-and-

20  data-security.  Printing the credit card or debit card expiration date on a receipt provides

21  criminals with critical data that is used to steal a person's identity or commit fraud, creating a

22  serious risk of harm to the consumer.  Skilled criminals are able to use the last few digits of a

23  credit or debit card account number and certain predictive assumptions and computerized

24  mathematical formulas to determine the full account number.  When provided with the card

25  expiration date, such criminals have the data needed to commit identity theft or credit or debit

26  card fraud.  In addition, having those key pieces of personal data can provide criminals

27  sufficient credibility to engage in "phishing" email scams or pretext telephone calls through

28  which they are able to gather even more personal confidential data, such as bank account

numbers, social security numbers, date of birth, or employment data. Access to such comprehensive personal data allows criminals to potentially obtain additional credit cards, obtain loans for vehicles, obtain home mortgages, obtain a passport in the consumer's name, and other similarly serious fraudulent acts that can cause serious harm to the consumer's financial and personal life.

13.     Adding to the complexity of identity theft and fraud is the fact that victims may not know that they have a problem until long, sometimes years, after the crime occurs. Consumers who suspect that their personal information has been disclosed improperly may spend money and time enrolling in a credit monitoring service and watching and reviewing their credit information. That effort may allow the consumers to learn of the theft or fraud sooner rather than later, but it does not prevent the identity theft or fraud from occurring or repair the resulting financial and personal damage.

14.     Thus, a violation of FACTA's prohibition against the printing of more than the last five digits of the credit/debit card account number or the expiration date on receipts presents a significant risk of the exact harm that Congress intended to prevent—the unwanted dissemination of sensitive information that could be exploited by an identity thief.

15.     Defendants' printing of more than the last five digits of the credit/debit card account number or the expiration date on receipts has harmed Plaintiff and other consumers by failing to provide them with a receipt that does not contain more than the last five digits of their credit/debit card account number of the expiration date.

16.     Defendants' violations of FACTA have harmed Plaintiff and other consumers by exposing them to a serious risk of identity theft and fraud that could have been avoided if Defendants had complied with their statutory obligations under FACTA.

17.     Defendants' violations of FACTA have harmed Plaintiff and other consumers by requiring them to either secure their receipts in a safe place or destroy them to avoid the risk of identity theft.

18.     Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681 *et seq.* and Defendants'

invasion of their rights under that statute to obtain a receipt at the point of sale that does not contain more than the last five digits of the credit card account number or their expiration date.

19.     Plaintiff seeks, on behalf of himself and the Class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to California Code of Civil Procedure § 382.   In the remainder of this complaint, Plaintiff refers to the proposed Class as defined below in paragraph 21 as the "Class."

21.     Plaintiff seeks to represent a Class of persons to be defined as follows:

### THE CLASS

> All persons in the United States to whom, since the date two years preceding the filing of this Action, Defendant Four Seasons Hotels Limited and/or Defendant Strategic Hotels & Resorts, LLC provided an electronically printed hardcopy receipt at the point of sale or transaction on which was printed more than the last five digits of a customer's credit or debit card account number and/or the expiration date of the person's credit or debit card.

**Numerosity**

22.     The Class described in paragraph 21 is so numerous that joinder of all individual members in one action would be impracticable.   The disposition of the individual claims of members of the Class through this class action will benefit the parties and this Court.

23.     Plaintiff is informed and believes, and thereon alleges, that there are, at a minimum, hundreds of members in the proposed Class described in paragraph 21.

24.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

25.    Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues after further discovery.

**Adequacy of Representation**

26.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class that Plaintiff seeks to represent.    Plaintiff will fairly, adequately and vigorously represent and protect the interests of members of the Class and have no interest antagonistic to the members of the Class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

**Common Questions of Law and Fact**

27.    Plaintiff and members of the Class were all customers of Defendants, each having made a purchase or transacted other business with Defendants on or after the start of the applicable liability period, using a credit or debit card and to whom, at the point of such sale or transaction, Defendants provided a hardcopy receipt showing more than the last five digits of the credit/debit card account number and/or the expiration date of their customers' credit/debit cards in violation of 15 U.S.C. § 1681c(g).

28.    There is a well-defined community of interest and common questions of fact and law affecting the members of the Class.

29.    The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

    a.    Whether Defendants' conduct of providing Plaintiff and members of the Class with a sales or transaction hardcopy receipt whereon Defendants printed more than the last five digits of the credit/debit card account number and/or the expiration date of their customers' credit/debit cards violated FACTA, 15 U.S.C. § 1681 *et seq.*;

    b.    Whether Defendants' conduct was willful; and

    c.    Whether Plaintiff and members of the Class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct.

CLASS ACTION COMPLAINT

**Typicality**

30.    Plaintiff's claims are typical of the claims of the proposed Class.  The claims of Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

**Nature of the Notice**

31.    Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

**Superiority**

32.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages which may be awarded to members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.  The likelihood of the individual members of the Class prosecuting separate claims is remote.  Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

\\

\\

\\

**FIRST CAUSE OF ACTION**

**PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS**

**(Violation of 15 U.S.C. §§ 1681 *et seq.*)**

33.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

34.    Title 15 U.S.C. § 1681c(g)(1) provides that: "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

35.    Defendants transact business in the United States, including California, and accept credit and debit cards in the course of transacting business with persons such as Plaintiff and the members of the proposed Class.   In transacting such business, Defendants use machines or devices that electronically print hardcopy receipts for credit and debit card transactions.

36.    On or after January 2015, Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with an electronically printed hardcopy receipt on which Defendants printed more than the last five digits of the credit/debit card account number and the expiration date of Plaintiff's credit/debit cards.

37.    Title 15 U.S.C. § 1681c(g)(1) provides Plaintiff with the legal right to obtain a receipt at the point of sale that does not show more than the last five digits of Plaintiff's credit or debit card account number and their expiration dates.  Defendants invaded Plaintiff's right to receive such a receipt and caused Plaintiff an injury in fact by providing him with an electronically printed hardcopy receipt containing more than the last five digits of the credit/debit card account number and the expiration date of his credit/debit cards. *See Hammer v. Sam's East, Inc.* (8th Cir. 2014) 754 F.3d 492, 498-499 (allegation that Plaintiff was provided with a receipt that violates 15 U.S.C. § 1681c(g)(1) is sufficient to allege an injury-in-fact sufficient to confer Article III standing), citing *Linda R.S. v. Richard D.* (1973) 410 U.S. 614, 617 n. 3, 93 S Ct. 1146.

38.    In addition, Defendants' provision of an electronically printed hardcopy receipt containing more than the last five digits of Plaintiff's credit/debit card account number and the expiration dates, which is key personal data used by thieves, has subjected Plaintiff to an increased and material risk of credit card fraud and/or identity theft, which is a further injury in fact Plaintiff has suffered.

39.    On or after January 2015, Defendants, at the point of sale or transaction with members of the Class, provided, through the use of a machine, each member of the proposed Class with one or more electronically printed hardcopy receipts on each of which Defendants printed more than the last five digits of the credit/debit card account number and the expiration date of the Class member's credit/debit card.  As set forth above, FACTA was enacted in 2003 and originally gave merchants who accept credit/debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.  This was then extended until June 4, 2008 through the Clarification Act.  Defendants thus have had more than a decade to comply with the requirements of FACTA.

40.    Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of more than the last five digits of the credit/debit card account number and the expiration date of credit/debit cards.  For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash registers and other devices for the processing of credit card payments, law firms, and other entities informed Defendants about FACTA, including its specific requirements concerning the prohibition on the printing of expiration dates and card numbers, and Defendants' need to comply with same.

41.    Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of more than the last five digits of the credit/debit card account number and expiration dates on credit card receipts, and despite having years to comply with FACTA's requirements, Defendants willfully violated FACTA's requirements by,

*inter alia*, printing more than the last five digits of the credit card account number and/or the expiration date upon the hardcopy receipts provided to members of the proposed Class – persons with whom Defendants transact business.

42.    Many of Defendants' business peers and competitors readily brought their credit/debit card receipt printing processes into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the credit/debit card account number and/or the expiration date upon the receipts provided to credit/debit card cardholders.  Defendants could have readily done the same.

43.    In contrast, Defendants willfully disregarded FACTA's requirements and, at least through April 2017, used cash registers or other machines or devices that printed receipts in violation of FACTA.

44.    Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the proposed Class to an increased risk of identity theft and credit/debit card fraud.

45.    As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the Class for the statutory damage amount of "not less than $100 and not more than $1000" for each violation.  15 U.S.C. § 1681n(a)(1)(A).

46.    As a result of Defendants' willful violations of FACTA, Plaintiff and members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees.  15 U.S.C. § 1681n(a)(3).

47.    As a result of Defendants' willful violations of FACTA, Plaintiff and members of the Class are entitled to punitive damages.  15 U.S.C. § 1681n(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the proposed Class, prays for:

1.    An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

2.   An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations;

3.   An award to Plaintiff and the members of the Class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.   Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5.   Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3); and

6.   For other and further relieve as the Court may deem proper.

Dated: July 13, 2017                          Respectfully submitted,

                                              GAINES & GAINES APLC

                                      By:   _____
                                              DANIEL S. GAINES
                                              ALEX P. KATOFSKY
                                              Attorneys for Plaintiff

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and causes of action for which he and the proposed members of the Class are entitled to a jury trial.

Dated: July 13, 2017                          Respectfully submitted,

                                              GAINES & GAINES APLC

                                      By:   _____
                                              DANIEL S. GAINES
                                              ALEX P. KATOFSKY
                                              Attorneys for Plaintiff

## NOTICE OF CASE MANAGEMENT CONFERENCE

*patrick white*

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 1 4 2017

Clerk of the Superior Court
By _NIMA MOKHTABANI_
DEPUTY CLERK

*Strategic hotel*

vs.

Case No: 17C1V03178

Date: NOV 16 2017

Time 9:00 a.m.

Dept. _01_ --on Tuesday & Thursday
Dept. _____ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

mportant Notice re: Nonrefundable Advance Jury Fees-Please Read

# DEPOSIT OF ADVANCE JURY FEES

# FREQUENTLY ASKED QUESTIONS

(Assembly Bill 1481 (2011-2012 Reg. Sess.))

| | |
|---|---|
| What is the nonrefundable y fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
| What are the deadlines paying the nrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows:<br><br>1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.<br><br>2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.<br><br>3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.<br><br>4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 355 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |
| What if a party misses deadline to pay the nrefundable jury fee? | A: Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).)<br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
| What if a party missed a lline to pay the efundable jury fee een June 27, 2012 and ember 30, 2012? | A: If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |

| Question | Answer |
|---|---|
| : May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | A: There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.]) Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| : Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | A: No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| : May the nonrefundable jury fee be waived because of a party's financial condition? | A: Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |
| : May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
| : If more than one party on side pays the nonrefundable jury fee, is y refund of the additional due? | A: No. Code of Civil Procedure 631(b) requires "*at least* one party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.) In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| Are any jury fees undable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE      ☐ LIMITED CASE | |

*(Check one):* ☐ **UNLIMITED CASE**      ☐ **LIMITED CASE**
     (Amount demanded          (Amount demanded is $25,000
      exceeds $25,000)            or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:              Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. Description of case
   a. Type of case in ☐ complaint      ☐ cross-complaint      *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
CASE MANAGEMENT STATEMENT
Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19. **Meet and confer**
   a. ☐  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

   b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▷ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Superior Court of California, County of San Mateo

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1. MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

> Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901
>
> (Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2. CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953.

(a)      Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)      To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)      To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)      To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)      In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)      Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(A)     Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)     Case management conference

(1)     Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed.  (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not

Superior Court of California, County of San Mateo

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement.  Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner.  Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."*  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)].  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)     Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

Div II - Rules                        207                        Revised 1/1/2012

# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

✎   *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

✎   *Cheaper* – Parties can save on attorneys' fees and litigation costs.

✎   *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

✎   *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

✎   *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

✎   *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

✎   Mediation - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

✎   Judicial Arbitration – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

✎   Binding Arbitration - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

✎   Neutral Evaluation - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

✎   Settlement Conference – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use
Local Court Form ADR-CV-8  [New September, 2010]

[CA Rule of Court §3.221]
www.sanmateocourt.org

*Judicial Arbitration*, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.

<u>What are the Advantages of Using Judicial Arbitration?</u>

✍    *Free* -Parties do not have to pay for the arbitrator's fee.

✍    *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

✍    *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

<u>What are the Disadvantages of Using Judicial Arbitration?</u>

✍    The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

<u>How Does Judicial Arbitration Work in San Mateo County?</u>

✍    During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

✍    Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC.  The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

✍    Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

o    For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

✍    After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

✍    If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

✍    Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 (New September, 2010) www.sanmateocourt.org

# ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070.

# EXHIBIT  B

EXHIBIT  B

1    STEVEN A. ELLIS (SBN 171742)
     *sellis@goodwinlaw.com*
2    **GOODWIN PROCTER LLP**
     601 S. Figueroa Street, 41st Floor
3    Los Angeles, CA  90017
     Tel.: +1 213 426 2500
4    Fax.: +1 213 623 1673

5    ANJALI MOORTHY (SBN 299963)
     *amoorthy@goodwinlaw.com*
6    **GOODWIN PROCTER LLP**
     Three Embarcadero Center
7    San Francisco, California  94111
     Tel.: +1 415.733 6000
8    Fax.: +1 415 677 9041

9    Attorneys for Defendant:
     FOUR SEASONS HOTELS LIMITED
10

11                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **FOR THE COUNTY OF SAN MATEO**

13                             **SOUTHERN BRANCH**

14   PATRICK WHITE, individually and on behalf          Case No. 17CIV03178
     of all similarly situated individuals,
15                                                       **NOTICE OF FILING OF NOTICE OF**
                         Plaintiffs,                     **REMOVAL**
16
                    v.                                   Dept.:      21
17                                                       Judge:      Hon. Robert D. Foiles
     STRATEGIC HOTELS & RESORTS, LLC, a                              Southern Court
18   Delaware limited liability company, FOUR                       400 County Center
     SEASONS HOTELS LIMITED, a Canada                               Redwood City, CA 94603
19   corporation, and DOES 1 through 10, inclusive,
                                                         Complaint Filed:      July 14, 2017
20                       Defendants.

21

22

23

24

25

26

27

28

ACTIVE/92197291.1

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California  90017

To:   Office of the Clerk
      Superior Court of California, San Mateo
      400 County Center
      Redwood City, CA  94063

        Defendant FOUR SEASONS HOTELS LIMITED hereby advises the Clerk of this Court that

the above-captioned case has been removed to the United States District Court for the Northern

District of California, San Francisco Division.  A true and correct copy of the underlying Notice of

Removal, is attached hereto as **Exhibit A** for lodging in the Court's file of this matter.  The Notice

of Removal will be served on all counsel of record.

        Furthermore, pursuant to 28 U.S.C. § 1446(d), this matter shall proceed no further unless and

until the case is remanded to this Court by the United States District Court.

                                              Respectfully submitted,

Dated:   August  22, 2017          By:   _____
                                              STEVEN A. ELLIS
                                              *sellis@goodwinlaw.com*
                                              ANJALI MOORTHY
                                              *amoorthy@goodwinlaw.com*
                                              **GOODWIN PROCTER** LLP

                                              Attorneys for Defendant:
                                              FOUR SEASONS HOTELS LIMITED

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

**PROOF OF SERVICE**

*White v. Strategic Hotels & Resorts, LLC; et al.*
Case No. 17CIV03178

I am employed in the County of Los Angeles, State of California.  At the time of service I was over 18 years of age and not a party to this action.  My business address is:  601 South Figueroa Street, 41st Floor, Los Angeles, California  90017.

On **August 22, 2017,** I served the following document on the person(s) below:

**NOTICE OF FILING OF NOTICE OF REMOVAL**

| | |
|---|---|
| Kenneth S. Gaines | Counsel for Plaintiffs: *Patrick White,* |
| Daniel F. Gaines | *individually and on behalf of all similarly* |
| Alex P. Katofsky | *situated individuals* |
| Evan S. Gaines | Tel.: (818) 703-8985 |
| GAINES & GAINES, APLC | Fax: (818) 703-8984 |
| 27200 Agoura Road, Suite 101 | ken@gaineslawfirm.com |
| Calabasas, California  91367 | daniel@lgaineslawfirm.com |
| | alex@gaineslawfirm.com |
| | evan@gaineslawfirm.com |
| | |
| Harrison Brown | Counsel for Defendant: *Strategic Hotels &* |
| Ana Tagvoryan | *Resorts, LLC* |
| Safia Gray Hussain | Tel.: (424) 239-3400 |
| BLANK ROME LLP | Fax: (424) 239-3434 |
| 2029 Century Park East, 6th Floor | HBrown@BlankRome.com |
| Los Angeles, CA 90067 | ATagvoryan@BlankRome.com |
| | SHussain@BlankRome.com |

☑   (MAIL).  By United States mail. I am a resident of or employed in the county where the mailing took place. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 22, 2017,** at Los Angeles, California.

| | |
|---|---|
| Jennifer Vosler | |
| (Type or print name) | (Signature) |

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, 41st Floor, Los Angeles, California  90017.

On **August 22, 2017**, I served the following document(s), including all attachments, by placing a true copy thereof in a sealed envelope(s) on the person(s) below as follows:

**NOTICE OF REMOVAL**

Kenneth S. Gaines                                   Counsel for Plaintiff: *Patrick White*
Daniel F. Gaines                                                      Tel.: (818) 703-8985
Alex P. Katofsky                                                     Fax: (818) 703-8984
Evan S. Gaines                                                  ken@gaineslawtirm.com
GAINES & GAINES, APLC                             daniel@lgaineslawfum.com
27200 Agoura Road, Suite 101                          alex@gaineslawfinn.com
Calabasas, California  91367                             evan@gaineslawfirrn.com

Harrison Brown                                  Counsel for Defendant: *Strategic Hotels &*
Ana Tagvoryan                                                              *Resorts, LLC*
Safia Gray Hussain                                                   Tel.: (424) 239-3400
BLANK ROME LLP                                             Fax: (424) 239-3434
2029 Century Park East, 6th Floor                   HBrown@BlankRome.com
Los Angeles, CA 90067                             ATagvoryan@BlankRome.com
                                                                 SHussain@BlankRome.com

☑      (MAIL).  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **August 22, 2017**, at Los Angeles, California.

Jennifer Vosler
(Type or print name)                                       (Signature)