KENNETH S. GAINES, ESQ. SBN 049045
ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
MIRIAM L. SCHIMMEL, ESQ. SBN 185089
miriam@gaineslawfirm.com
**GAINES & GAINES, APLC**
27200 Agoura Road, Suite 101
Calabasas, California 91367
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff PATRICK WHITE, individually and on behalf of all similarly situated individuals

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| PATRICK WHITE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STRATEGIC HOTELS & RESORTS, LLC, a Delaware limited liability company, FOUR SEASONS HOTELS LIMITED, a Canada corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:17-cv-04867-YGR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PATRICK WHITE ("Plaintiff"), on behalf of himself and all others similarly situated, complains of Defendants STRATEGIC HOTELS & RESORTS, LLC, a Delaware limited liability company and FOUR SEASONS HOTELS LIMITED, a Canadian corporation (collectively "Defendants") as follows:

## PARTIES AND JURISDICTION

1. Plaintiff PATRICK WHITE is and at all times relevant hereto was a resident of Los Angeles County, California.

2. Defendant STRATEGIC HOTELS & RESORTS, LLC, is a Delaware limited liability company with a principal place of business in Chicago, Illinois. Defendant STRATEGIC HOTELS & RESORTS, LLC owns the Four Seasons Hotel Silicon Valley at East Palo Alto.

3. Defendant FOUR SEASONS HOTELS LIMITED is a Canada corporation with a principal place of business in Toronto, Canada. Defendant FOUR SEASONS HOTELS LIMITED manages more than 30 hotels and resorts across the United States, including, but not limited to, the Four Seasons Hotel Silicon Valley at East Palo Alto.

4. Venue as to Defendants is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c) in that Defendants have done and continue to do business, and intentionally avail themselves of the markets within this district, including San Mateo County, California. Defendants own, manage, maintain and/or operate one or more physical business locations within this district, and this is a class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district, including San Mateo County, California.

## FACTUAL BASIS

5. In 2003, Congress passed, and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing
> number of Americans are victimized by criminals who assume their

identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

6. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> Except as provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print <u>more than the last five digits of the card number or the expiration date</u> upon any receipt provided to the cardholder at the point of sale or transaction.

(Emphasis added.)

7. By enacting section 1681c(g), Congress made the determination that the printing of receipts containing more than the last five digits of the credit or debit card number or the card expiration date creates an unacceptable risk of identity theft and fraud to the cardholders.

8. FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006. Despite this three-year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability. In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant. The Clarification Act does not actually "clarify" anything; it merely delayed liability for violations. In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints more than the last five digits of the credit or debit card number or a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA. *See* 15 U.S.C. 1681n(d).

9. In 2017, Plaintiff White was a Visa credit card holder. In 2017, Plaintiff White used his Visa credit card to pay for his hotel stay at the Four Seasons Hotel Silicon Valley at East Palo Alto. Defendants provided him with a printed receipt for his payment, and the paper receipt was handed to Plaintiff White personally when this payment transaction occurred. The

printed receipt that Defendants provided to him contained more than the last five digits of the credit card account number and the expiration date of his credit card, in violation of 15 U.S.C. § 1681c(g).

10.    Plaintiff is informed and believes, and based thereon alleges, for some or all of the time period beginning January 1, 2015, if not earlier, through at least April 2017, Defendants have provided non-compliant credit card receipts through machines that were provided to customers at the point of sale.

11.    Despite having more than a decade to become compliant with FACTA, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card fraud by printing more than the last five digits of the credit card account number or the expiration date on credit card cardholders' receipts when they transact business with Defendants.

12.    Identity theft and fraud is a real harm and serious risk to consumers. In 2014, 12.7 million consumers were victims of identity thieves who collectively stole $16 billion, according to Javelin Strategy & Research, a research-based consulting firm. The Federal Trade Commission ("FTC") reported in its March 1, 2016 press release that identity theft complaints increased more than 47% from 2014 to 2015 and were the FTC's top category of reported consumer complaints for 15 years until 2015 when debt collection complaints surged into the number one spot due in large part to complaints delivered via a mobile application. *See* https://www.ftc.gov/news-events/press-releases/2016/03/ftc-releases-annual-summary-consumer-complaints. In response to the widespread occurrence of identity theft and credit card and debit card fraud, the FTC has a website providing in-depth information to the public and resources for victims of cybercrimes. *See e.g.*, https://www.consumer.ftc.gov/features/feature-0014-identity-theft and https://www.ftc.gov/news-events/media-resources/identity-theft-and-data-security. Printing the credit card or debit card expiration date on a receipt provides criminals with critical data that is used to steal a person's identity or commit fraud, creating a serious risk of harm to the consumer. Skilled criminals are able to use the last few digits of a credit or debit card account number and certain predictive assumptions and computerized mathematical

formulas to determine the full account number. When provided with the card expiration date, such criminals have the data needed to commit identity theft or credit or debit card fraud. In addition, having those key pieces of personal data can provide criminals sufficient credibility to engage in "phishing" email scams or pretext telephone calls through which they are able to gather even more personal confidential data, such as bank account numbers, social security numbers, date of birth, or employment data. Access to such comprehensive personal data allows criminals to potentially obtain additional credit cards, obtain loans for vehicles, obtain home mortgages, obtain a passport in the consumer's name, and other similarly serious fraudulent acts that can cause serious harm to the consumer's financial and personal life.

13. Adding to the complexity of identity theft and fraud is the fact that victims may not know that they have a problem until long, sometimes years, after the crime occurs. Consumers who suspect that their personal information has been disclosed improperly may spend money and time enrolling in a credit monitoring service and watching and reviewing their credit information. That effort may allow the consumers to learn of the theft or fraud sooner rather than later, but it does not prevent the identity theft or fraud from occurring or repair the resulting financial and personal damage.

14. Thus, a violation of FACTA's prohibition against the printing of more than the last five digits of the credit/debit card account number or the expiration date on receipts presents a significant risk of the exact harm that Congress intended to prevent—the unwanted dissemination of sensitive information that could be exploited by an identity thief.

15. Defendants' printing of more than the last five digits of the credit/debit card account number or the expiration date on receipts has harmed Plaintiff and other consumers by failing to provide them with a receipt that does not contain more than the last five digits of their credit/debit card account number of the expiration date.

16. Defendants' violations of FACTA have harmed Plaintiff and other consumers by exposing them to a serious risk of identity theft and fraud that could have been avoided if Defendants had complied with their statutory obligations under FACTA.

\\

17.  Defendants' violations of FACTA have harmed Plaintiff and other consumers by requiring them to either secure their receipts in a safe place or destroy them to avoid the risk of identity theft.

18.  Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681 *et seq*. and Defendants' invasion of their rights under that statute to obtain a receipt at the point of sale that does not contain more than the last five digits of the credit card account number or their expiration date.

19.  Plaintiff seeks, on behalf of himself and the Class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq*.

## CLASS ACTION ALLEGATIONS

20.  Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. In the remainder of this complaint, Plaintiff refers to the proposed Class as defined below in paragraph 21 as the "Class."

21.  Plaintiff seeks to represent a Class of persons to be defined as follows:

**THE CLASS**

> All persons in the United States to whom, since the date two years preceding the filing of this Action, Defendant Four Seasons Hotels Limited and/or Defendant Strategic Hotels & Resorts, LLC provided an electronically printed hardcopy receipt at the point of sale or transaction on which was printed more than the last five digits of a customer's credit or debit card account number and/or the expiration date of the person's credit or debit card.

**Numerosity Fed. R. Civ. P. 23(a)(1))**

22.  The Class described in paragraph 21 is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of members of the Class through this class action will benefit the parties and this Court.

23. Plaintiff is informed and believes, and thereon alleges, that there are, at a minimum, hundreds of members in the proposed Class described in paragraph 21.

24. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

25. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues after further discovery.

**Adequacy of Representation (Fed. R. Civ. P. 23(a)(4))**

26. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class that Plaintiff seeks to represent. Plaintiff will fairly, adequately and vigorously represent and protect the interests of members of the Class and have no interest antagonistic to the members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

**Common Questions of Law and Fact (Fed. R. Civ. P. 23(a)(2))**

27. Plaintiff and members of the Class were all customers of Defendants, each having made a purchase or transacted other business with Defendants on or after the start of the applicable liability period, using a credit or debit card and to whom, at the point of such sale or transaction, Defendants provided a hardcopy receipt showing more than the last five digits of the credit/debit card account number and/or the expiration date of their customers' credit/debit cards in violation of 15 U.S.C. § 1681c(g).

28. There is a well-defined community of interest and common questions of fact and law affecting the members of the Class.

29. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

    a. Whether Defendants' conduct of providing Plaintiff and members of the Class with a sales or transaction hardcopy receipt whereon Defendants printed more than the last five digits of the credit/debit card account

number and/or the expiration date of their customers' credit/debit cards violated FACTA, 15 U.S.C. § 1681 *et seq.*;

    b.    Whether Defendants' conduct was willful; and

    c.    Whether Plaintiff and members of the Class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct.

**Typicality (Fed. R. Civ. P. 23(a)(3))**

30.    Plaintiff's claims are typical of the claims of the proposed Class. The claims of Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

**Nature of the Notice**

31.    Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

**Superiority (Fed. R. Civ. P. 23(b)(1) and 23(b)(3))**

32.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the

parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS**

**(Violation of 15 U.S.C. §§ 1681 *et seq*.)**

33. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

34. Title 15 U.S.C. § 1681c(g)(1) provides that: "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

35. Defendants transact business in the United States, including California, and accept credit and debit cards in the course of transacting business with persons such as Plaintiff and the members of the proposed Class. In transacting such business, Defendants use machines or devices that electronically print hardcopy receipts for credit and debit card transactions.

36. On or after January 2015, Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff personally with an electronically printed hardcopy receipt on which Defendants printed more than the last five digits of the credit/debit card account number and the expiration date of Plaintiff's credit/debit cards.

37. Title 15 U.S.C. § 1681c(g)(1) provides Plaintiff with the legal right to obtain a receipt at the point of sale that does not show more than the last five digits of Plaintiff's credit or debit card account number and their expiration dates. Defendants invaded Plaintiff's right to receive such a receipt and caused Plaintiff an injury in fact by providing him with an electronically printed hardcopy receipt containing more than the last five digits of the credit/debit card account number and the expiration date of his credit/debit cards. *See Hammer v. Sam's East, Inc.* (8th Cir. 2014) 754 F.3d 492, 498-499 (allegation that Plaintiff was provided with a receipt that violates 15 U.S.C. § 1681c(g)(1) is sufficient to allege an injury-in-fact sufficient to confer

Article III standing), citing *Linda R.S. v. Richard D.* (1973) 410 U.S. 614, 617 n. 3, 93 S Ct. 1146.

38. In addition, Defendants' provision of an electronically printed hardcopy receipt containing more than the last five digits of Plaintiff's credit/debit card account number and the expiration dates, which is key personal data used by thieves, has subjected Plaintiff to an increased and material risk of credit card fraud and/or identity theft, which is a further injury in fact Plaintiff has suffered.

39. On or after January 2015, Defendants, at the point of sale or transaction with members of the Class, provided, through the use of a machine, each member of the proposed Class with one or more electronically printed hardcopy receipts on each of which Defendants printed more than the last five digits of the credit/debit card account number and the expiration date of the Class member's credit/debit card. As set forth above, FACTA was enacted in 2003 and originally gave merchants who accept credit/debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006. This was then extended until June 4, 2008 through the Clarification Act. Defendants thus have had more than a decade to comply with the requirements of FACTA.

40. Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of more than the last five digits of the credit/debit card account number and the expiration date of credit/debit cards. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash registers and other devices for the processing of credit card payments, law firms, and other entities informed Defendants about FACTA, including its specific requirements concerning the prohibition on the printing of expiration dates and card numbers, and Defendants' need to comply with same.

41. Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of more than the last five digits of the credit/debit card account number and expiration dates on credit card receipts, and despite having years to comply

with FACTA's requirements, Defendants willfully violated FACTA's requirements by, *inter alia*, printing more than the last five digits of the credit card account number and/or the expiration date upon the hardcopy receipts provided to members of the proposed Class – persons with whom Defendants transact business.

42. Many of Defendants' business peers and competitors readily brought their credit/debit card receipt printing processes into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the credit/debit card account number and/or the expiration date upon the receipts provided to credit/debit card cardholders. Defendants could have readily done the same.

43. In contrast, Defendants willfully disregarded FACTA's requirements and, at least through April 2017, used cash registers or other machines or devices that printed receipts in violation of FACTA.

44. Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the proposed Class to an increased risk of identity theft and credit/debit card fraud.

45. As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the Class for the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681n(a)(1)(A).

46. As a result of Defendants' willful violations of FACTA, Plaintiff and members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(3).

47. As a result of Defendants' willful violations of FACTA, Plaintiff and members of the Class are entitled to punitive damages. 15 U.S.C. § 1681n(a)(2).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the proposed Class, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

2. An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations;

3. An award to Plaintiff and the members of the Class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3); and

6. For other and further relieve as the Court may deem proper.

Dated: September 28, 2017   Respectfully submitted,

GAINES & GAINES APLC

By: */s/Daniel S. Gaines*
DANIEL S. GAINES
ALEX P. KATOFSKY
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and causes of action for which he and the proposed members of the Class are entitled to a jury trial.

Dated: September 28, 2017   Respectfully submitted,

GAINES & GAINES APLC

By: */s/Daniel S. Gaines*
DANIEL S. GAINES
ALEX P. KATOFSKY
Attorneys for Plaintiff