KENNETH S. GAINES, ESQ. SBN 049045
ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
MIRIAM L. SCHIMMEL, ESQ. SBN 185089
miriam@gaineslawfirm.com
**GAINES & GAINES, APLC**
27200 Agoura Road, Suite 101
Calabasas, California 91367
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff PATRICK WHITE, individually and on behalf of all similarly situated individuals

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK WHITE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STRATEGIC HOTELS & RESORTS, LLC, a Delaware limited liability company, FOUR SEASONS HOTELS LIMITED, a Canada corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 4:17-cv-04867-YGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed Concurrently: [Proposed] Order]**<br><br>**Date: November 7, 2017**<br>**Time: 2:00 p.m.**<br>**Courtroom: 1**<br>**Judge: Hon. Yvonne Gonzalez Rogers** |

NOTICE IS HEREBY GIVEN THAT on November 7, 2017 at 2:00 p.m. in Courtroom 1 of the above-entitled Court, the Honorable Yvonne Gonzalez Rogers presiding, located at 1301 Clay Street, Oakland, California 94612, Plaintiff Patrick White shall, and hereby does, move for an order pursuant to 28 U.S.C. § 1447 remanding this Action back to the Superior Court of the State of California for the County of San Mateo, where it was originally filed. The grounds for this motion are that the Court has no subject matter jurisdiction because Plaintiff lacks Article III standing under the U.S. Constitution. Consequently, the Action must be remanded to the State Court.

This Motion will be based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the records and files in this Action, and on such matters of which the Court may take notice.

Dated: October 2, 2017                    Respectfully submitted,

                                          GAINES & GAINES
                                          A Professional Law Corporation


                                          By: /s/ *Daniel F. Gaines*
                                               DANIEL F. GAINES
                                               Attorneys for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Patrick White ("Plaintiff") alleges a single cause of action against Defendants Strategic Hotels & Resorts, LLC and Four Seasons Hotels Limited (together, the "Defendants") under the Fair and Accurate Credit Transactions Act ("FACTA") (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) in his class action complaint.

Plaintiff alleges that he and other consumers were issued credit and debit card transaction receipts at the point of sale at hotels operated by one or more of the Defendants which contained more than the last five digits of their credit and debit card numbers, together with the entire expiration date of their credit and debit cards, in violation of FACTA's express requirements. 15 U.S.C. § 1681c(g); Docket No. 25 (the "First Amended Complaint") at ¶¶ 36-43. For this violation, Plaintiff seeks statutory damages under FACTA, among other relief. 15 U.S.C. § 1681n(a)(2); Complaint, Prayer for Relief at ¶ 2. Plaintiff does not allege that he has sustained actual injury a result of the violations alleged. *See generally*, First Amended Complaint. Indeed, no actual injury is required for Plaintiff to recover statutory damages under FACTA. 15 U.S.C. § 1681c(g); 15 U.S.C. § 1681n(a)(1)(A).

For purposes of this motion, Plaintiff concedes that he lacks the requisite Article III standing to proceed in federal court because he has sustained no injury in fact within the meaning of federal law, "the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 [194 L.Ed.2d 635], as revised (May 24, 2016).[1] Recent case law supports that an allegation of a FACTA violation will not support federal court jurisdiction. As such, this Court has no jurisdiction over this Action, and controlling Ninth Circuit authority requires that it be remanded to the state court where it was originally filed. *Polo v. Innoventions International, LLC*, 833 F.3d 1193 (9th Cir. 2016). *See* 28 U.S.C. § 1447(c).

---

[1] Plaintiff and Class Members have indeed suffered actionable harm under FACTA, but under the applicable case law, this is insufficient to confer standing in federal court.

## II. ARGUMENT

### A. The Removal Statutes Are Strictly Construed In Favor Of Remand

The removal statutes are strictly construed in favor of remand. *Takeda v. Northwestern National Life Ins. Co.*, 765 F. 2d 815, 818 (9th Cir. 1985); *Hangarter v. The Paul Revere Life Ins. Co.*, 2006 U.S. Dist. LEXIS 5295 (N.D. Cal. 2006). This narrow construction in favor of remand protects the jurisdiction of state courts. *Carrasco v. C.H. Robinson Worldwide, Inc.* (E.D. Cal., Nov. 27, 2013, 1:13-CV-01438-LJO) 2013 WL 6198944 (*citing Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir.2005)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992).

"The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. It also has the burden of showing that it has complied with the procedural requirements for removal." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-1, ¶ 2:2228. *See also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."); *Gaus, supra*, 980 F. 2d at 566 ("Plaintiff's motion for remand effectively forces defendant – the party who invoked the federal court's removal jurisdiction—to prove by a preponderance of the evidence whatever is necessary to support the petition…"); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

### B. Plaintiff Lacks the Requisite Standing to Maintain this Action in Federal Court Because He Has Not Suffered Any Injury In Fact Within The Meaning of Article III of the U.S. Constitution

Among the requirements to maintain an Action in federal court is that a plaintiff must have standing under Article III of the United States Constitution. "Article III standing . . . enforces the Constitution's case-or-controversy requirement." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). "The requirement of standing…has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737,

751 (1984). Specifically, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant…" *Lexmark Intern., Inc. v. Static Control Components, Inc.* 134 S.Ct. 1377, 1386 (2014).

Typically, "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" the elements of standing. *Spokeo, Inc. v. Robins*, *supra*, 136 S.Ct. at 1547. Here, however, where Defendants have invoked federal jurisdiction through removal, they bear the burden of establishing this Court's jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). They cannot do so, such that jurisdiction does not lie in this Court.

As stated above, for purposes of this motion, Plaintiff concedes that he lacks the requisite Article III standing to proceed in federal court because, within the meaning of Article III, he has sustained no injury in fact from the alleged FACTA violations.[2] Injury in fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, *supra*, 136 S.Ct. at 1547.

### 1. Numerous District and Circuit Courts Have Concluded That No Article III Jurisdiction Lies Where a Bare Procedural Violation of FACTA is Alleged

Recent case law is clear that claims under FACTA, like that asserted by Plaintiff, lack the requisite injury in fact as required by Article III. Federal courts have repeatedly held that mere violations of FACTA detached from any further allegations of injury fail to establish actual harm as is required to maintain federal court jurisdiction. *See Stelmachers v. Verifone Sys.,* No.14-04912, 2016 WL 6835084 at *4 (N.D. Cal. Nov. 21, 2016) (concluding that a plaintiff lacked federal court standing and finding that being issued a receipt with more than last five digits of the credit card number was a "bare procedural violation" and "unless a litany of speculative events [came] about" the risk of identity theft was "too attenuated to constitute a qualifying injury"); *Katz v. Donna Karan Co., L.L.C.*, No. 15-464, 2017 WL 4126942 (2d Cir. Sept. 19, 2017) (finding that the plaintiff lacked standing in federal court where his alleged bare procedural violations of FACTA did

---

[2] As detailed below, Plaintiff <u>does</u> have standing in California state courts under applicable California law.

not raise a material risk of harm of identity theft).³  The key common thread running through these cases where federal courts have found insufficient actual injury to confer federal court jurisdiction is that plaintiffs alleged only that they received receipts which purportedly violated FACTA, without further alleging any *actual* incidents of identity theft.  *See, e.g., Meyers v. Nicolet Rest. of De Pere LLC,* 843 F.3d 724, 729 (7th Cir. 2016) (finding that plaintiff's allegations "demonstrate that [plaintiff] did not suffer any harm" in particular because the plaintiff "discovered the violation immediately and nobody else ever saw the non-compliant receipt").

### 2. The Ninth Circuit's *Spokeo II* Opinion Compels The Same Result

The Ninth Circuit's recent opinion in *Robins v. Spokeo*, 867 F.3d 1108 (9th Cir. Aug. 15, 2017) (*Spokeo II*) does not alter the analysis.  Evaluating whether a plaintiff's claim under the Fair

---

³*See also, Llewellyn v. AZ Compassionate Care Inc.,* No. CV-16-04181-PHX-DGC, 2017 WL 1437632, at *5-6 (D. Ariz. Apr. 24,2017) (noting that plaintiff did not allege "that any third party ever had access to the receipt, or any steps he took to secure his credit card information as a result" and thus did not satisfy his burden of alleging actual harm sufficient to confer federal court standing and associated jurisdiction); *Hendrick v. Aramark Corp.,* CV 16-4069, 2017 WL 1397241, at *5 (E.D. Pa. Apr. 18,2017) (finding no injury, and no federal court standing, where complaint did not allege anyone "saw or possessed the receipt" or "could obtain the remaining digits or the expiration date of his credit card that were not printed on the receipt"); *Weinstein v. Intermountain Healthcare, Inc.,* NO. 2:16-CV-00280-DN, 2017 WL 1233829, at *4 (D. Utah Apr. 3,2017) (finding that plaintiff had no standing and no federal court standing where he did not allege "identity theft or credit card fraud" and thus suffered no harm); *Paci v. Costco Wholesale Corp.,* No. 16-CV-0094, 2017 WL 1196918, at *3 (N.D. I11. Mar. 30,2017) (concluding there was no federal court jurisdiction where no harm was suffered where the plaintiff "immediately discovered that her receipt displayed more than it should have and she retained the receipt at all times"); *Cruper-Weinmann v. Paris Baguette Am., Inc.,* No. 13 CIV. 7013 (JSR), 2017 WL 398657, at *5 (S.D.N.Y. Jan. 30, 2017); *Fullwood v. Wolfgang's Steakhouse, Inc.,* No. 13 CIV. 7174 (KPF), 2017 WL 377931, at *6 (S.D.N.Y. Jan. 26, 2017) (plaintiff's conclusory allegations that they were "damaged" due to FACTA violations were insufficient to allege harm, and therefore the federal court had no jurisdiction over plaintiff's claims); *Kamal v. J. Crew Group, Inc.,* No. 2:15-0190, 2016 WL 6133827 at *3-4 (D.N.J. Oct. 20, 2016) (granting motion to dismiss and noting that receipt with more than last five digits of credit card number did not establish harm and the record did not "indicate that anyone will *actually* obtain one of Plaintiff's discarded [] receipts") (quotations and citations omitted); *Thompson v. Rally House of Kansas City, Inc.,* No. 15-00886-CV-W-GAF, 2016 WL 8136658, at *5 (W.D. Mo. Oct. 6, 2016) (concluding the plaintiff had no standing in federal court because there was no "real risk of harm" and the receipt with more than five digits of a credit card number had "only been in Plaintiff's possession since receiving it from Defendants"); *Noble v. Nevada Checker CAB Corp.,* No. 2:15-cv-02322, 2016 WL 4432685 at *3 (D. Nev. Aug. 19, 2016).

Credit Reporting Act (FCRA, of which FACTA is a part) meets the injury-in-fact requirement, *Spokeo II* concluded that the district court must conduct a two-part test:

> (1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights) and, if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.

*Spokeo II* at 1113. While the Ninth Circuit found that the plaintiff's claims asserted under the relevant FCRA provisions satisfied both of these elements, and that he therefore suffered a sufficient injury-in-fact, the same cannot be said for Plaintiff White's claims asserted against Defendants under FACTA in this case.

As to the first prong of the test, FACTA's statutory provisions were indeed established to protect consumers' concrete interests in keeping them protected from identify theft. This first part of the test is satisfied here.

The second prong of the test, however, is not satisfied. Plaintiff's alleged violation of FACTA (Defendants' issuance of transaction receipts which reveal too much of his credit card information) alone does not show that any person other than Plaintiff has ever seen Plaintiff's receipt, and therefore does not rise to the requisite level of actual harm or material risk of harm. As opined in *Spokeo II*:

> This second requirement makes clear that, **in many instances, a plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures.** For example, a reporting agency's failure to follow certain FCRA requirements may not result in the creation or dissemination of an inaccurate consumer report. **In such a case, the statute would have been violated, but that violation alone would not materially affect the consumer's protected interests in accurate credit reporting.**

*Spokeo II* at 1115-16 (internal citations omitted and emphasis added). This analysis demonstrates that *Spokeo II* has not changed the law with respect to standing under FACTA; something beyond a bare procedural violation is still required to cross the injury-in-fact threshold. As such, *Meyers*, *Donna Karan* (which was decided **after** *Spokeo II*), and the many related district court cases remain good law.

In *Spokeo II*, the defendant allegedly published inaccurate information about the plaintiff on the internet. The plaintiff alleged that he incurred actual harm as a result of the publication because any potential employer could access, or may have accessed, such information, plausibly sabotaging his future employment prospects. Any person on the planet with an internet connection could have, and may have, accessed the inaccurate publication, adversely affecting the plaintiff's material interests. The court held that "[h]ere… both the challenged conduct and attendant injury have already occurred. As alleged in the complaint, Spokeo has indeed published a materially inaccurate consumer report about [plaintiff]. . . . It is of no consequence how likely [plaintiff] is to suffer *additional* concrete harm as well (such as the loss of a specific job opportunity)." *Spokeo II* at 1118. Thus, in *Spokeo II*, the actual publication of inaccurate information on the internet – not the theoretical detriment to be caused if the inaccurate information would potentially lead to plaintiff's loss of job prospects – constituted actual material harm which resulted in satisfaction of the requisite injury-in-fact element.

This publication of the plaintiff's (incorrect) private information in *Spokeo II* is the key distinction, and is simply not the case here. Based on Plaintiff White's allegations, his credit card information was not published online where any identity thief could access such information and steal Plaintiff's identity. Unlike in *Spokeo II*, Plaintiff's credit card information was not readily accessible by any person on Earth with an internet connection. Plaintiff does not, and cannot, allege that his credit card information was seen by anyone but himself, and he cannot presently allege that he has suffered credit card fraud or identity theft as a result of his allegations. *See Spokeo II* at 1117.

Since Plaintiff has only alleged the possibility of future identity theft, but no factual basis to prove that such theft has actually happened because of Defendants' FACTA violation (unlike the actual publication of inaccurate information on the internet at issue in *Spokeo II*), *Spokeo II* does not compel a contrary result to the many cases that have found credit card truncation violations, standing alone, are insufficient to support federal court Article III jurisdiction.

Moreover, at least one United States District Court within the Ninth Circuit has recently considered this application of *Spokeo II* to a FACTA claim and has ruled – consistent with

Plaintiff's argument here – that there is no Article III standing based on a bare procedural violation of FACTA with no further factual basis to allege an actual injury or material risk of injury. *See Alvarado, et al. v. University of Southern California,* Case No. 2:17-CV03671-GW-AJW, Docket No. 28, Ruling on Defendant University of Southern California's Motion to Dismiss Complaint, https://ecf.cacd.uscourts.gov/doc1/031126677749. There, after considering the effect of *Spokeo II*, the District Court found it had no jurisdiction over the plaintiffs' FACTA claims, denied the defendant's motion to dismiss, and remanded the case back to the Superior Court.

### C. Remand Is Proper Here Where Plaintiff Lacks Article III Standing

The Ninth Circuit recently ruled on this exact issue. In *Polo v. Innoventions International, LLC*, *supra*, 833 F.3d 1193, the Court of Appeals considered the propriety of dismissal after the district court held that the plaintiff lacked Article III standing for all of her claims and dismissed the case. *Id.* at 1195.

The Ninth Circuit reversed the district court, concluding that remand to state court is necessary and proper where a plaintiff has no Article III standing and cannot proceed in federal court because jurisdiction is lacking. *Id.* at 1196 ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."). *See also Benton v. Clarity Servs., Inc.*, No. 16-CV-06583-MMC, 2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) ("the Court will sever the claims for which the Court has found plaintiff lacks standing and said claims will be remanded to state court"); *Bercut v. Michaels Stores Inc.*, No. 17-CV-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (remanding the action to state court where subject matter jurisdiction was lacking due to lack of Article III standing); *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590, at *2 (N.D. Ill. Dec. 7, 2016) ("Here, plaintiff chose to litigate her FACTA claim in state court, and regardless of whether federal jurisdiction was colorable at the time of removal, the parties now agree that there is none. [28 U.S.C.] Section 1447(c) provides the remedy for this state of affairs: I must remand the case to state court.")

The basis for a defendant's removal (here, both federal question and under the Class Action Fairness Act [CAFA]) is irrelevant to the analysis and does not affect the outcome. *Polo*, *supra*,

833 F.3d at 1196 ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.").

While Plaintiff lacks the required standing to maintain this Action in federal court under Article III of the United States Constitution, California superior courts have no comparable standing limitation, such that this matter may proceed in state court after remand:

> Article III of the federal Constitution imposes a case-or-controversy limitation on federal court jurisdiction, requiring the party requesting standing to allege such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues. ***There is no similar requirement in our state Constitution.***

*Jasmine Networks, Inc. v. Superior Court* (2009) 180 Cal.App.4th 980, 990 (internal quotations omitted; emphasis added). *See also Polo*, *supra*, 833 F.3d at 1196 ("State courts are not bound by the constraints of Article III."); *National Paint & Coatings Assn. v. State of California* (1997) 58 Cal.App.4th 753, 761 ("Our state Constitution contains no 'case or controversy' requirement. The substantial body of federal cases interpreting standing under the United States Constitution do not purport to impose the same requirement in cases arising under the California Constitution. The California Constitution specifically provides (Article 1, section 24), that California Constitutional rights do not depend on the United States Constitution. Appellants cite no California cases holding that concrete injury and redressability are essential prerequisites to justiciability in California.").

But this Court need not dive into the potentially complex question of whether or not the California state court actually has standing to hear Plaintiff's claims; it is sufficiently plausible that it does based on the broad standing principles of California state courts. And "only when the eventual outcome of a case after remand is so clear as to be foreordained" should a federal court dismiss it, rather than remand it. Here, because "[i]t is far from clear that a state court would dismiss [the plaintiff's] [] claim," remand to the California state court is required. *Polo, supra,* 833 F.3d 1193 at 1198.

Because no standing limitation precludes Plaintiff from pursuing his FACTA claims in state court (or, at the minimum, Plaintiff "likely" retains standing in state court), remand is required. *Id.*

at 1199 ("Thus, Polo likely retains standing under California law…Therefore, the district court should have remanded this case to state court.")

### III.  CONCLUSION

Based on the foregoing, this Court lacks subject matter jurisdiction over this Action, and controlling Ninth Circuit law requires that it be remanded to the Superior Court for the County of San Mateo.

Dated: October 2, 2017                    Respectfully submitted,

                                          GAINES & GAINES
                                          A Professional Law Corporation

                                          By: /s/ *Daniel F. Gaines*
                                               DANIEL F. GAINES
                                               Attorneys for Plaintiff